**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-07-0141 |
| | § | |
| KAREY BERNARD STATIN, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| (Civil Action No. H-11-1010) | § | |

**MEMORANDUM AND OPINION**

In this motion under 28 U.S.C. § 2255, Karey Bernard Statin asserts that he received ineffective assistance of counsel at trial and that the prosecutor kept exculpatory evidence from the grand jury and the petit jury. (Docket Entry No. 177). The government has responded and moved to dismiss this § 2255 motion. (Docket Entries Nos. 193, 194). Statin filed a reply, (Docket Entry No. 195). He also moved to supplement his motion for release on bond, (Docket Entry No. 196). Based on the pleadings, the parties' submissions, the record, and the applicable law, this court denies Statin's § 2255 motion, grants the government's motion to dismiss, denies Statin's motion to supplement motion for bond, and, by separate order, enters final judgment dismissing this civil action. The reasons are set out below.

**I.      Background**

On January 11, 2008, a jury found Statin guilty of each of the 15 counts alleged in the indictment returned on April 12, 2007. Counts 1 through 15 charged Statin with aiding and assisting

in preparing false federal income tax returns for specific individuals concerning calendar tax years 2000, 2001, and 2002, in violation of 26 U.S.C. § 7206(2).

The case involved an alleged scheme by Statin, the sole proprietor of a tax preparation business known as Quick -Tax, located in Houston, Texas, to fill out returns for his clients that included false information submitted to obtain them unjustified income tax refunds. Some of those clients were subjected to severe sanctions as a result, including penalty and interest payments. The evidence showed that while the false information included in the tax returns was untrue and inaccurate, most of the clients were unsophisticated and were unaware that the returns violated the law. The specific false information alleged in the indictment included overstating the taxpayers' business income on Schedule C of Form 1040 so that they appeared to have more business income than was in fact true. That increased the earned income credit ("EIC") for these taxpayers so that they received a larger refund than they were entitled to. (Docket Entry No. 1, Counts 1–8). The false information alleged also included overstating the taxpayers' itemized deductions on Schedule A of Form 1040 so that they received deductions and a larger refund, both without legitimate basis. (*Id*., Counts 9–15).

Statin was initially represented by the Federal Public Defender. Approximately a month after the indictment, Statin filed a motion to appoint counsel. Ronald Green, the lawyer who represented Statin during the trial and sentencing, began representing him on May 17, 2007.

The evidence at trial was extensive. It included testimony by some of the clients whose tax returns Statin completed, describing their financial situation and records and comparing those to the information Statin included on their tax return. The jury convicted Statin on all 15 counts. Statin was sentenced on November 4, 2008, to a total of 51 months in prison, consisting of 36-month

sentences on Counts 1 to 8, to be served concurrently with each other but consecutively to the 15-month concurrent sentences on Counts 9 to 15, a $7,500 fine, a special assessment of $1,500, and a one-year term of supervised release.

This court denied Statin's motion for release on bond pending appeal, finding that he had not shown that the appeal raised a substantial question of law or fact that, if decided favorably to the defendant, was likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment. *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990). The United States Court of Appeals summarily affirmed Statin's conviction and sentence on February 10, 2010, and the United States Supreme Court denied Statin's petition for a writ of *certiorari* on June 21, 2010. Statin timely filed this § 2255 motion.

In his motion, Statin raises the following claims:

(1) Claims relating to allegedly exculpatory evidence:

> (a) defense counsel rendered ineffective assistance by failing to show that prosecutor had knowledge of exculpatory evidence and solicited false testimony and had knowledge of perjured grand jury testimony; and
>
> (b) the prosecution deliberately excluded exculpatory evidence in the form of Taxpayer Declarations and solicited and failed to correct false testimony by Special Agent Campbell before the grand jury and at trial.

3

    (2)    Claims relating to grand jury testimony:

        (a)    defense counsel rendered ineffective assistance by failing "to call as a witness the agent that offered perjured grand jury testimony"; and

        (b)    defense counsel rendered ineffective assistance because he "did not inform movant of the existence and availability of the grand jury transcript. Counsel did not review or question movant regarding the content of the grand jury transcript." (Docket Entry No. 177).

Statin also moved for release on bond pending the decision on his § 2255 motion. This court denied that motion as well. (Docket Entries Nos. 190, 191).

The grounds Statin asserts as a basis for relief under § 2255, and the government's response, are analyzed below.

**II.    The Section 2255 Standard**

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden,*

*Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A § 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 502 U.S. 1076 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992).

**III.    Analysis**

    **A.    The Claim that the Prosecutor Withheld Exculpatory Evidence**

The government moves to dismiss Statin's claim that both before the grand jury and at trial, the prosecution withheld exculpatory evidence in the form of the taxpayer declaration forms, and presented false testimony in the form of I.R.S. Special Agent Justin Campbell's testimony that he saw no written disclaimers by Statin's clients when he executed the search warrant. The record shows that the prosecutor produced to Statin's counsel the taxpayer declaration forms and the grand jury testimony in advance of trial. The grand jury transcripts show that Special Agent Campbell testified that Statin had stated that he would have his clients who "failed to provide supporting documentation" for deductions or expenses claimed in the tax return "sign a disclaimer that claimed

5

that they had to . . . support the amount if they were audited by the I.R.S." (Docket Entry No. 177, Ex. 1, p. 7). In response to a question asking whether he found these disclaimers in Statin's office, Special Agent Campbell testified, "I have no personal knowledge of these disclaimers. I haven't seen one." (*Id.*). Statin argues that the disclaimers were the taxpayer declaration forms that his clients executed and that were kept in their files.

As noted, the taxpayer declaration forms were produced to Statin's counsel in advance of trial. The forms do not state that a client who did not have documentation to support a deduction or expense claimed on his or her return had to defend the amount in any subsequent audit. Instead, the forms ask some basic questions, such as: "Do the names on the return match your Social Security records, children included?" "Are you legally married. . . .?" "Did you/spouse receive any kind of military pay earnings not reported in the return?" "Have all sources of nontaxable earned income been identified?" "Have you verified your dependent birthday information as entered in the return?" The taxpayer declaration form includes the following statement above the taxpayer's signature line: "I declare that I understand the above questions and have answered them truthfully to the best of my ability." (Docket Entry No. 177, Ex. 1, pp. 12–16). These taxpayer declaration forms, attached to Statin's brief in support of his § 2255 motion, do not show that the prosecutor withheld exculpatory evidence or that Special Agent Campbell gave false testimony before the grand jury. The declarations do not state that the taxpayer who is unable to provide supporting documentation for the claimed expenses or deductions will assume the responsibility to defend them in a later audit. The evidence at trial included testimony and exhibits showing that Statin would create documents to support the false expenses or deductions that he included in his clients' federal income tax returns. There is no basis for Statin's claim that the prosecution failed to disclose

information that was exculpatory or solicited or failed to correct false testimony. Nor is there any basis for an inference that had the taxpayer declaration forms been presented to the grand jury or at trial, the result at trial would have been any different. *Shelton v. Quarterman*, 294 F. App'x 859, 865 (5th Cir. 2008). The motion to dismiss this claim is granted.

### B. The Claims of Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970) (emphasis added). An ineffective-assistance claim requires the defendant to show that counsel's performance was flawed as to be constitutionally deficient, and that the deficient performance prejudiced the defense by depriving the defendant of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Taylor,* 529 U.S. 390, 390–91 (2000). The first prong of the governing standard is only satisfied when the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Statin must overcome a strong presumption that the decisions of his trial counsel were sound strategy. *Id*. at 2065-66. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* If the performance of Statin's trial counsel was not deficient, this court does not need to consider whether the trial decisions he made undermine confidence in the outcome of the proceedings. However, this record demonstrates that Statin cannot satisfy either the deficiency or the prejudice requirements of *Strickland.*

Defense counsel submitted an affidavit, in which he stated as follows:

> 1. My name is Ronald C. Green. I am of sound mind, am capable of making this affidavit, and am fully competent to testify to the matters stated in this affidavit.
>
> 2. I am a lawyer licensed by the State of Texas, Bar No. 00796667. I am specifically authorized to practice in all state courts throughout Texas and am a member of the following Federal Courts: Southern District of Texas, Northern District of Texas, Eastern District of Texas, the Fifth Circuit Court of Appeals and the United States Supreme Court. Additionally, I am licensed in the District of Columbia. I obtained a Bachelor of Science and a Master of Business Administration from the University of Houston and a Juris Doctor from Texas Southern University. I have been practicing law since 1996.
>
> 3. On or about May 17, 2007, I was appointed to represent Mr. Karey Statin in the above-mentioned matter. Prior to my appointment, Mr. Statin was represented by Mr. Brent Newton, of the Federal Public Defender's office for the Southern District of Texas.
>
> 4. Mr. Statin was convicted, by a jury, of fifteen counts of assisting in the preparation of false tax returns and sentenced to 51 months in the Bureau of Prisons.
>
> 5. Recently, I was contacted by Joe Mirsky with the United States Attorney's Office regarding a §2255 writ filed by Mr. Karey Statin. With regard to the specific issues raised by Mr. Statin, I will address the same in this affidavit.
>
> 6. Ground One: *Whether counsel rendered ineffective assistance when he failed to show that prosecutor had knowledge of exculpatory evidence, solicited false testimony, and had knowledge of perjured grand jury testimony.* Throughout the course of pretrial preparation, trial and sentencing, I spent numerous hours, with Mr. Statin, discussing trial strategy and all matters pertaining to the charges filed against him. Mr. Statin was adamant about reviewing all of the evidence in his case and was quite vocal regarding the preparation of the defense in this matter. Prior to trial, the government provided a copy of the Grand Jury transcript. As with all evidence received in this matter, the transcript was reviewed by me and Mr. Statin and it was decided that our trial strategy would be to discredit witnesses at trial. Mr. Statin

> assisted in the cross examination of witnesses, as well as the entire trial, by providing technical questions and notes for each witness. All decisions regarding the use of the Grand Jury transcript were conscious and informed decisions on trial tactics and strategy and do not constitute ineffective assistance of counsel. Further, all decisions regarding trial strategy were informed strategic decisions of counsel and Mr. Statin.
>
> 7. Ground Two: *Whether Counsel rendered ineffective assistance when he failed to call as a witness the agent that offered perjured grand jury testimony*. Once again, through consultation and a review of the Grand Jury transcript with Mr. Statin, it was decided that our trial strategy would be to discredit witnesses on cross-examination as it related to the Taxpayer Declaration. Again, the decision to use the Grand Jury transcript, at trial, was a conscious and informed decision on trial tactics and strategy and does not constitute ineffective assistance of counsel. Mr. Statin reviewed the Grand Jury transcript and assisted in the cross-examination of all witnesses at trial. All decisions regarding trial strategy were informed strategic decisions of counsel and Mr. Statin.

(Docket Entry No. 192).

In his reply to the government's response, Statin asserts that he was actively and deeply involved in the case and had been since the criminal investigation began years earlier. (Docket Entry No. 195, p. 8). This is consistent with defense counsel's affidavit. Statin asserts that he did not, however, see the grand jury transcript and did not have the chance to review it with his counsel, disputing his counsel's statements. (*Id.*)

This factual dispute does not provide a basis to conclude that defense counsel's performance was deficient in a way that affected the outcome. The grand jury transcript does not, as discussed above, show that the I.R.S. Special Agent who testified at the grand jury committed perjury, or show that counsel was ineffective for failing to call the Special Agent to testify at trial to try to impeach him with his grand jury testimony. The record similarly does not support an inference that Statin's defense counsel was deficient in failing to call the Special Agent at trial to cross-examine him using the taxpayer declaration forms, documents that Statin was familiar with. Claims that counsel was ineffective for failing to call certain witnesses, or for following a particular strategy, are not favored.

Informed strategic decisions by counsel are given deference. *See Harrington v. Richter*, 131 S. Ct. 770, 778 (2011); *Strickland,* 466 U.S. at 689 (holding that scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Given the extensive evidence against Statin, the record does not support an inference that a decision not to call Special Agent Campbell to cross-examine him on whether the taxpayer declaration forms were the "disclaimers" Statin had described, would have made any difference to the outcome.

There is no need for an evidentiary hearing to resolve Statin's arguments because the record, and the parties' motions, responses, briefs, and submissions, conclusively show that no relief is appropriate. 28 U.S.C.§ 2255. Statin's motion under § 2255 is denied. The government's motion to dismiss is granted.

**IV.     The Motion to Supplement the Motion for Bond Pending Appeal**

Statin moved to amend his prior motion seeking release on bond pending appeal. He asks to include what he views as an acknowledgment by the government that the prosecution solicited perjured testimony before the grand jury. The record does not disclose any such acknowledgment by the government. This court has denied Statin's motion for release on bond pending appeal; his motion to reconsider that ruling; and his subsequent motion for release on bond pending the resolution of his § 2255 motion. Statin has presented no valid basis to supplement his prior motions or to reassert a motion for release. His motion to supplement is denied.

## V. Conclusion

Statin is not entitled to relief under 28 U.S.C. § 2255. His pending § 2255 motion is denied, (Docket Entry No. 176). The government's motion to dismiss, (Docket Entries Nos. 193, 194), is granted. Statin's motion to supplement his motion for release on bond, (Docket Entry No. 196), is denied. The court denies the motion to vacate sentence and, by separate order, enters final judgment in the corresponding civil action, (H-11-1010), which is dismissed with prejudice. A certificate of appealability from this decision is denied.

SIGNED on August 13, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge